UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DAVID MCMILLAN, INDIVIDUALLY**                **CIVIL ACTION**
**AND ON BEHALF OF HIS MINOR**
**CHILDREN, KATELYNN ELIZABETH,**
**BRIANNA LYNNE, SOPHIA LORENA,**
**AND QUILLAN DAVID MCMILLAN, ET AL.**

**VERSUS**                                                                   **NO. 15-500-SDD-RLB**

**J.P. MORGAN CHASE**
**BANK, N.A., ET AL.**

## ORDER

Before the Court is Plaintiffs' Motion for Reconsideration or to Alter or Amend Judgment (R. Doc. 21) filed on August 29, 2016. The motion is opposed. (R. Doc. 22).

On August 25, 2016, J.P. Morgan Chase, N.A. (Chase) filed an "Unopposed Motion to Amend Answer." (R. Doc. 18). Chase sought leave to file an amended answer to raise the affirmative defense of tort immunity "pursuant to Louisiana Revised Statute 23:1031 and any other applicable statutory or jurisprudential rules limiting plaintiff's recovery to only workers' compensation from his employer." (R. Doc. 18-2 at 1). In support of its motion, Chase acknowledged that the deadline to amend the pleadings expired on March 16, 2016, and that the motion was governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure. (R. Doc. 18-1 at 3-4). Finding good cause to allow amendment, the Court granted the motion (R. Doc. 19) and entered the Amended Answer (R. Doc. 20) into the record.

Plaintiffs now represent that counsel for Chase misconstrued Plaintiffs' position with regard to the amended answer, which Plaintiffs did indeed oppose. (R. Doc. 21-1 at 2). After the Court issued its Order, Plaintiffs' counsel notified defense counsel of the misunderstanding and

that Plaintiff would file the instant motion seeking reconsideration of the Court's order. (R. Doc. 21-3).[1]

After a scheduling order is in place, amendments to pleadings beyond the date set by the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure, which requires a showing of "good cause" for modifying the deadline set by the scheduling order. *See S & W Enter., LLC v. South Trust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). In order to show "good cause" the party seeking modification must show the deadlines could not "reasonably be met despite the diligence of the party needing the extension." *S & W Enter.*, 315 F.3d at 545 (citation omitted). The Court considers four factors for determining whether "good cause" exists to grant an untimely motion to amend a pleading: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *See id*. (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co*., 110 F.3d 253, 257 (5th Cir. 1997)).

In support of its original motion, Chase represented that the need to amend the answer only became clear after new counsel entered on its behalf on July 14, 2016. (R. Doc. 18-1 at 4). Chase further argued that assertion of the affirmative defense is important because additional discovery might reveal that an employer-employee relationship, for the purposes of tort immunity, existed between Chase and the injured plaintiff. (R. Doc. 18-1 at 4). Chase further argued that the amendment would not prejudice Plaintiffs because the motion is unopposed and discovery does not close until October 31, 2016. (R. Doc. 18-1 at 4). Finally, Chase argued that

---

[1] To be clear, Plaintiffs' counsel does not assert that the misunderstanding was deliberate or a result of bad faith.

if there was any prejudice, the Court could allow a continuance of the discovery deadlines in light of the April 10, 2017 trial date. (R. Doc. 18-1 at 4).

In support of the instant motion, Plaintiffs argue that Chase has not demonstrated good cause for amendment because over five months passed after the deadline to amend before it sought amendment, and its new counsel waited two months to amend after being made counsel of record. (R. Doc. 21-1 at 3).  Plaintiffs further argue that they are prejudiced by the amendment because of they will need to conduct additional discovery prior to the October 31, 2016 deadline. (R. Doc. 21-1 at 3).  Plaintiffs do not address the importance of the amendment or whether a continuance of the discovery deadline would cure any prejudice to them.

In opposition, Chase apologizes for its misunderstanding that the motion was opposed. (R. Doc. 22 at 2).  Among other things, Chase represents that its new counsel did not immediately seek amendment because a review of certain documents was needed and new counsel had hoped to take the deposition of Plaintiffs prior to seeking amendment, but the historic flood in the area caused the deposition to be cancelled and reset. (R. Doc. 22 at 2).

The Court has fully considered all of the foregoing arguments and representations.  The Court concludes that there is good cause to allow Chase to amend its answer pursuant to Rule 16(b)(4), and therefore the amended answer will remain in the record.  In order to address any potential need for additional discovery, the Court will provide a modest extension of the fact discovery deadlines for the purpose of addressing any discovery related to this new defense. This extension will be provided in a separate order.  Plaintiffs' diligent pursuit of any needed additional discovery should cure any potential or perceived prejudice.  Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration or to Alter or Amend Judgment (R. Doc. 21) is **GRANTED IN PART** to the extent it seeks reconsideration of the

Court's August 26, 2016 Order (R. Doc. 19) and **DENIED IN PART** to the extent it seeks alteration of that Order. Chase's Amended Answer (R. Doc. 20) shall remain in the record.

Signed in Baton Rouge, Louisiana, on September 22, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**