# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DAVID MCMILLAN, INDIVIDUALLY                      CIVIL ACTION
AND ON BEHALF OF HIS MINOR
CHILDREN, KATELYNN ELIZABETH,
BRIANNA LYNNE, SOPHIA LORENA,
AND QUILLAN DAVID MCMILLAN, ET AL.


VERSUS                                            NO. 15-500-SDD-RLB


J.P. MORGAN CHASE
BANK, N.A., ET AL.

## ORDER

Before the Court is defendant J.P. Morgan Chase Bank, N.A.'s ("Chase) Motion to Quash

Subpoena for Documents (R. Doc. 30) and Motion to Quash Subpoenas for Documents or

Alternatively for Protective Order (R. Doc. 31), both filed on December 5, 2016.  Plaintiffs

oppose both motions. (R. Doc. 37).

The Court set November 28, 2016 as the final deadline to complete all discovery in this

action and to file related motions. (R. Doc. 24).  The instant motions were timely filed because

they were "filed within seven days after the discovery deadline and pertain to conduct occurring

during the final seven days of discovery." LR 26(g).

On that date, Plaintiff's counsel issued three Rule 45 subpoenas directed at Chase and

two non-parties, Green Concepts Landscape and Lawn Maintenance ("Green Concepts") and

CBRE, Inc. ("CBRE"). (R. Doc. 30-2; R. Doc. 31-2; R. Doc. 31-2).  The subpoenas seek the

production of any insurance policies "that would cover any work done by Green Concepts at the

Chase Bank branch 2828 Monterrey Blvd. Baton Rouge, LA 70814." (R. Doc. 30-2; R. Doc. 31-

2; R. Doc. 31-2).  The subpoenas sought compliance in Baton Rouge, Louisiana, on December

16, 2016.  The parties do not indicate when the subpoenas were served on Chase, Green Concepts, and CBRE.

Rule 45 governs discovery from non-parties through the issuance of subpoenas.  As "the court for the district where compliance is required," this Court has the authority to quash or modify the subpoenas at issue. Fed. R. Civ. P. 45(d)(3).  With regard to the subpoenas served on Green Concepts and CBRE, which are non-parties, the Court has the authority to issue a protective order to protect Chase "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

The Court will grant the instant motions on the basis that the subpoenas at issue sought compliance over two weeks after the close of discovery.  This Court's Local Rules provides that "[w]ritten discovery is not timely unless the response to that discovery would be due before the discovery deadline" and "[t]he responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline." LR 26(d)(2).  This Court has expressly held that a subpoena served before the discovery deadline is nevertheless untimely if the date of compliance is beyond the discovery deadline.  *See, e.g.*, *Sandifer v. Hoyt Archery, Inc.*, No. 12-322, 2015 WL 3465923, at *2 (M.D. La. June 1, 2015) ("Although it was served 4 days before the expert discovery deadline, the subpoena was untimely as it required compliance outside of the March 31, 2015 deadline."); *Dixon v. Greyhound Lines, Inc.*, No. 13-179, 2014 WL 6474355, at *3 (M.D. La. Nov. 19, 2014) ("Although it was served 6 days before the expert discovery deadline, the subpoena was untimely as it required compliance outside of the September 2, 2014 deadline."); *see also Hall v. State of Louisiana*, No. 12-657, 2014 WL at 2560715, at *1 (M.D. La. June 6, 2014) (discovery requests served on party 14 days before discovery deadline were untimely as the party had 30

days to respond to such discovery requests).  Moreover, a Rule 45 subpoena cannot be used to shorten the 30-day deadline to respond to discovery requests provided to a party.  *See Thomas v. IEM, Inc.*, No. 06-886, 2008 WL 695230, at *2 (M.D. La. Mar. 12, 2008) ("Rule 45 subpoenas, although not technically precluded by the language of Rule 45 from being served upon parties to litigation, are generally used to obtain documents from non-parties and are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34."); *Pearson v. Trinity Yachts, Inc.*, No. 10-2813, 2011 WL 1884730, at *1 (E.D. La. May 18, 2011) ("[S]ervice on a named party in a lawsuit of a subpoena duces tecum that provides short notice circumvents the orderly procedures from requests for production of documents *between parties* provided by Federal Rule of Civil Procedure 34.").

In opposition to the instant motions, Plaintiffs argue that there is good cause pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure to grant an extension of the discovery deadline. (R. Doc. 37 at 4-7).  Plaintiffs should have requested such relief prior to the issuance and service of the instant subpoenas, and in advance of the expiration of the applicable deadline.[1] Considering the record, the Court will not grant such relief through the filing of an opposition brief.[2]

Based on the foregoing,

**IT IS ORDERED** that J.P. Morgan Chase Bank, N.A.'s Motion to Quash Subpoena for Documents (R. Doc. 30) and Motion to Quash Subpoenas for Documents or Alternatively for Protective Order (R. Doc. 31) are **GRANTED**.  The subpoenas served on J.P. Morgan Chase

---

[1] As provided in the Scheduling Order, "a motion to extend any deadline set by this Order must be filed before its expiration." (R. Doc. 6 at 2).

[2] The Court will issue a separate ruling on Plaintiffs' Motion to Extend Discovery Deadline (R. Doc. 43) filed on December 20, 2016.  If granted, that ruling may permit some of the discovery at issue in this motion to move forward.

Bank, N.A., Green Concepts Landscape and Lawn Maintenance, and CBRE, Inc. (R. Doc. 30-2; R. Doc. 31-2; R. Doc. 31-3) are **QUASHED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall send a copy of this Order to Green Concepts Landscape and Lawn Maintenance, and CBRE, Inc. within **3 days** of the date of this Order.

Signed in Baton Rouge, Louisiana, on January 25, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**