UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID MCMILLAN, INDIVIDUALLY<br>AND ON BEHALF OF HIS MINOR<br>CHILDREN, KATELYNN ELIZABETH,<br>BRIANNA LYNNE, SOPHIA LORENA,<br>AND QUILLAN DAVID MCMILLAN, ET AL. | CIVIL ACTION |
| VERSUS | NO. 15-500-SDD-RLB |
| J.P. MORGAN CHASE<br>BANK, N.A., ET AL. | |

**ORDER**

Before the Court is J.P. Morgan Chase Bank, N.A.'s ("Chase") Motion to Compel Additional Rule 30(b)(6) Testimony of CBRE, Inc. (R. Doc. 26) filed on November 28, 2016. Chase filed an Affidavit indicating that a copy of the Motion to Compel and accompanying memorandum and exhibits was served on a representative of the non-party CBRE, Inc. ("CBRE") on November 28, 2016. (R. Doc. 28). No opposition has been filed as of the date of this Order.[1]

This action involves alleged injuries to David McMillan while working at a Chase Bank location for CBRE. On October 5, 2016, Chase served a Rule 45 subpoena on CBRE for a Rule 30(b)(6) deposition to take place in Zachary, Louisiana on October 19, 2016. (R. Doc. 26-2 at 1-10). On October 12, 2016, Chase served a second Rule 45 subpoena on CBRE for a Rule

---

[1] Local Rule 7(f) requires any response to a motion to be filed within twenty-one days after service of the motion or the motion will be deemed unopposed. In this case, that CBRE did not file an opposition to the instant motion is of no event because, as discussed below, the motion to compel was wrongly filed in this district.

30(b)(6) deposition to take place in Metairie, Louisiana on October 19, 2016. (R. Doc. 26-2 at 10-19).

The deposition at issue took place in Metairie, Louisiana on October 19, 2019. (R. Doc. 26-2). Paul M. Ferrara, Jr., CBRE's regional engineering manager, testified as the designated corporate representative for the deposition. In light of Mr. Farrera's responses to questions on these topics, Plaintiff argues that "CBRE has failed to make a complete designation and produce a knowledgeable witness as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure by refusing to produce a representative familiar with the substance of each designated area of inquiry in Chase's Notice." (R. Doc. 26-1 at 11). Plaintiff further represents that "CBRE has not advanced any legitimate reason for failing to provide such a witness when undersigned counsel conferred with CBRE's counsel at the time of the deposition in an attempt to resolve this issue pursuant to Federal Rule of Civil Procedure 37." (R. Doc. 26-1 at 11).

While the motion may have merit, it must be dismissed as improperly filed in this district. Rule 45(g) of the Federal Rules of Civil Procedure requires a motion regarding non-compliance with a subpoena to be filed with "the court for the district where compliance is required." Rule 37(a)(2) likewise provides that a "motion for an order to a nonparty must be made in the court where the discovery is or will be taken."

Chase sent two subpoenas to CBRE, one requiring compliance in Zachary, Louisiana and the other requiring compliance in Metairie, Louisiana. The deposition took place in Metairie, Louisiana in compliance with the latter subpoena. Accordingly, any motion by Chase to compel CBRE to comply with that subpoena must be filed in the district where the discovery is or will be taken or where compliance is required, *i.e.*, the U.S. District Court for the Eastern District of Louisiana. That court may transfer the motion back to this district in accordance with Rule 45(f).

Based on the foregoing,

**IT IS ORDERED** that Chase's Motion to Compel Additional Rule 30(b)(6) Testimony of CBRE, Inc. (R. Doc. 26) is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 25, 2017.

                                             _____
                                             **RICHARD L. BOURGEOIS, JR.**
                                             **UNITED STATES MAGISTRATE JUDGE**