UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID MCMILLAN, INDIVIDUALLY                                CIVIL ACTION
AND ON BEHALF OF HIS MINOR
CHILDREN, KATELYNN ELIZABETH,
BRIANNA LYNNE, SOPHIA LORENA,
AND QUILLAN DAVID MCMILLAN, ET AL.


VERSUS                                                      NO. 15-500-SDD-RLB


J.P. MORGAN CHASE
BANK, N.A., ET AL.

## ORDER

Before the Court is Plaintiffs' Motion to Compel Answers to Discovery (R. Doc. 32) filed on December 5, 2016. The motion is opposed. (R. Doc. 45). Plaintiffs have filed a Reply. (R. Doc. 52).

The Court set November 28, 2016 as the final deadline to complete all discovery and to file related motions. (R. Doc. 24). Plaintiffs seek an order requiring Chase to provide supplemental responses to Plaintiffs' Interrogatory No. 3 and No. 16 served on October 28, 2016, and to which Chase responded on November 28, 2016. The instant motion was timely filed because it was "filed within seven days after the discovery deadline and pertain to conduct occurring during the final seven days of discovery." LR 26(g).

As a preliminary issue, Chase argues that the Motion to Compel should be denied because the underlying interrogatories were untimely served. Rule 33(b)(2) provides that a "responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). There is no dispute that Plaintiffs served the interrogatories by e-mail on October 28, 2016. (R. Doc. 32-1 at 1; *see* R. Doc. 33-2). Pursuant

to the methods of calculating time provided by Rule 6(a), Chase's responses would be due on November 28, 2016. *See* Fed. R. Civ. P. 6(a).[1] At the time the interrogatories were served, however, Rule 6(d) provided that "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d) (prior version).[2] Service by e-mail constitutes service by "electronic means" pursuant to Rule 5(b)(2)(E). *See* Fed. R. Civ. P. 5(b)(2)(E). Accordingly, Chase was provided an additional 3 days to provide responses to the interrogatories, making them due on December 1, 2016.[3]

This Court's Local Rules provides that "[w]ritten discovery is not timely unless the response to that discovery would be due before the discovery deadline" and "[t]he responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline." LR 26(d)(2). This Court has expressly held that discovery requests served prior to the discovery deadline that require compliance after the discovery deadline are untimely. *See*, *e.g.*, *Hall v. State of Louisiana*, No. 12-657, 2014 WL at 2560715, at *1 (M.D. La. June 6, 2014) (discovery requests served on party 14 days before

---

[1] Counting 30 days from the date of service would require a response to be provided on November 27, 2016, a Sunday. *See* Fed. R. Civ. P. 6(a)(1)(A)-(B). Accordingly, the response date would continue to run until the end of the next business day, November 28, 2016. *See* Fed. R. Civ. P. 6(a)(1)(C).

[2] As of December 1, 2016, Rule 6(d) provides the following: "When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a))." Fed. R. Civ. P. 6(d). The U.S. Supreme Court provided that the amendment "shall take effect on December 1, 2016, and shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Order of the Supreme Court of the United States, Apr. 29, 2016, House Document 114-128. Plaintiffs argue that current Rule 6(d) should be applied to the instant discovery dispute because it would be "just and practicable." (R. Doc. 52 at 2-3). The current version of Rule 6(d) was not in effect on the date Plaintiffs served Chase with a copy of the interrogatories by e-mail. Accordingly, the Court must apply former Rule 6(d) to this discovery dispute.

[3] Chase asserts that 33 days should be counted from the date of service, making the deadline to respond on November 30, 2016. (R. Doc. 45 at 1). The advisory notes indicate that the calculation must first be made by counting the 30-day period to respond provided by Rule 33(b)(2) pursuant to Rule 6(a), including any additional time provided by Rule 6(a)(1)(C), and then adding the additional three days pursuant to Rule 6(d). *See* Fed. R. Civ. P. 6 advisory committee's note to 2005 amendment (discussing calculation pursuant to former Rule 6(e)).

discovery deadline were untimely as the party had 30 days to respond to such discovery requests); *see also Sandifer v. Hoyt Archery, Inc.*, No. 12-322, 2015 WL 3465923, at *2 (M.D. La. June 1, 2015) ("Although it was served 4 days before the expert discovery deadline, the subpoena was untimely as it required compliance outside of the March 31, 2015 deadline."); *Dixon v. Greyhound Lines, Inc.*, No. 13-179, 2014 WL 6474355, at *3 (M.D. La. Nov. 19, 2014) ("Although it was served 6 days before the expert discovery deadline, the subpoena was untimely as it required compliance outside of the September 2, 2014 deadline.").

Courts have denied motions to compel discovery responses where the discovery requests were untimely served in light of the 3 additional days to respond provided by Rule 6(d). *See*, *e.g.*, *Nesselrotte v. Allegheny Energy, Inc.,* No. 06-01390, 2008 WL 1925107, at *2 (W.D. Pa. Apr. 30, 2008) (denying motion to compel because discovery requests were not timely served when additional 3 days provided by Rule 6(d) were taken into consideration); *Gott v. The Raymond Corp.,* No. 07-145, 2008 WL 4911879, at *2 (N.D.W.Va. Nov. 14, 2008) (same); *c.f. Lykins v. CertainTeed Corp.*, No. 11-2133, 2012 WL 3578911, at *2-3 (D. Kan. Aug. 17, 2012) (discovery requests were untimely when additional 3 days provided by Rule 6(d) were taken into consideration, but excusing the untimeliness).

Having reviewed the applicable law and the particular facts of this case, the Court will deny the motion to compel on the basis that the interrogatories were untimely served. Chase had no obligation to respond and object to the interrogatories because its responses and objections were not due until after the discovery deadline. *See* LR 26(d)(2). That Chase provided certain responses to the interrogatories on November 28, 2016 does not change this analysis. Because the interrogatories were untimely served, and Plaintiff did not seek an extension of the deadline to complete discovery prior to the close of discovery, Chase did not have a duty to respond to the

interrogatories at all.  The Court will not require a party to supplement discovery responses where the initial responses were not required in the first place.  Moreover, the Court finds no basis to excuse Plaintiffs failure to serve timely the underlying interrogatories.  To do so would undermine the computation rules provided by Rule 6, Local Rule 26(d)(2), and this Court's Scheduling Order, as amended.[4]

Even if the Court reached the merits of the instant motion, it would be denied on the basis that the interrogatories seek information outside of the scope of discovery as they are overly broad as written.

Interrogatory No. 3 requests "the name, social security number (if known), last known address, last known telephone number, and name and address of last known employer, of each and every person employed for a period of more than one month at the 2828 Monterrey Blvd. Chase Branch from the time of July 17, 2015 and ten years prior." (R. Doc. 32-2 at 6).  Plaintiffs represent that Chase objected on the basis that the interrogatory is "overly broad, unduly burdensome, and unlikely to lead to the discovery of relevant information." (R. Doc. 32-1 at 2).  Subject to those objections, Chase provided the name of the branch manager and assistant branch manager at the time of the incident, further indicating that those individuals are no longer employed by Chase. (R. Doc. 32-1 at 2).  Plaintiffs do not raise any convincing argument that the names and contact information of every employee who worked over one month at the Chase

---

[4] The Court's original Scheduling Order set the deadline to complete discovery on March 31, 2016. (R. Doc. 6).  On February 4, 2016, the Court granted a joint motion to extend the deadlines and reset the discovery deadline to October 31, 2016. (R. Doc. 9).  On September 22, 2016, the Court granted in part an unopposed motion filed by Chase and extended the discovery deadline to November 28, 2016. (R. Doc. 24).  On December 20, 2016, three weeks after the close of discovery, Plaintiffs filed a motion to extend the discovery deadline to conduct discovery regarding a third-party. (R. Doc. 43).  That motion has been denied by separate order.

Bank at issue for ten years prior to the incident fall within the scope of discovery.  The Court agrees with Chase that Interrogatory No. 3, as written, is overly broad.[5]

Interrogatory No. 16 requests Chase to "state whether [Chase has] in the past been sued for the condition of any property that [Chase owns or rents] in the Baton Rouge area" and, if so, to provide "the dates that suits were filed and the parties to that suit." (R. Doc. 32-2 at 9). Plaintiffs represent that Chase objected on the basis that the interrogatory is "overly broad, unduly burdensome, and unlikely to lead to the discovery of relevant information." (R. Doc. 32-1 at 2).  Subject to those objections, Chase provided that "[n]o other lawsuits have been filed concerning the Monterrey Branch, which is the location of this incident." (R. Doc. 32-1 at 2). Plaintiffs do not raise any convincing argument that information regarding lawsuits involving all properties owned or rented by Chase in the Baton Rouge area without any limit in time falls within the scope of discovery.  The Court agrees with Chase that Interrogatory No. 16 is overly broad.[6]

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion to Compel Answers to Discovery (R. Doc. 32) is **DENIED**.  The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on February 2, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] After Chase provided its response, Plaintiffs agreed to limit the interrogatory to "those employed at the location as branch managers or assistant managers during a reduced, seven year-time period." (R. Doc. 32-1 at 2; *see* R. Doc. 32-3 at 2). Chase has not provided any additional responses in line with these limitations. (R. Doc. 32-1 at 3).  However, Chase represents that defense counsel has requested this information from Chase, but "is awaiting approval from in-house counsel for Chase in the human resource department to release the information" and "[a]s soon as the information is released, it will be provided to plaintiffs." (R. Doc. 45 at 5).

[6] After Chase provided its response, Plaintiffs agreed to limit the interrogatory "to the previous ten years" and "to all lawsuits concerning a fall outside a Chase bank." (R. Doc. 32-1 at 3-4; *see* R. Doc. 32-3 at 2).  Chase has not provided any additional responses in line with these limitations. (R. Doc. 32-1 at 4).  At the Rule 30(b)(6) deposition of Chase's corporate representative, however, Chase indicated that it was not aware of any other lawsuits involving an employee of CBRE, Inc. for defects to Chase property. (R. Doc. 45-1 at 4).