UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID MCMILLAN                                                                CIVIL ACTION

VERSUS                                                                              15-500-SDD-RLB

JPMORGAN CHASE
BANK NA, ET AL.

### RULING

Before the Court are cross Motions in Limine moving to exclude the respective Parties' liability experts.[1] For the reasons which follow the Court will GRANT both Motions.

**I.   FACTUAL BACKGROUND**

The Plaintiff, David McMillan ("McMillan"), alleges that he sustained an injury on July 17, 2014 when he fell on a premises owned and operated by Defendant, J.P. Morgan Chase Bank ("Chase"). On July 17, 2014, Plaintiff, an employee of CBRE, was at the Chase on 2828 Monterrey Boulevard in Baton Rouge, Louisiana, to perform routine maintenance. Upon arrival, McMillan backed his work van into a parking space at the bank. The rear of McMillan's van abutted a grassy area on Chase's property. From the grassy area, Plaintiff opened the rear doors of the van to retrieve a ladder. Upon stepping down from the rear of the van with the ladder he stepped into a depression in the grass and fell. Plaintiff claims the depression was camouflaged by the grass and that it presented unreasonable risk of harm of which Chase knew or should have known and failed to eliminate.

---

[1] Defendant's *Motion in Limine to Exclude Plaintiff's Expert, Gary S. Nelson* (Rec Doc. 33) and Plaintiffs' *Motion in Limine to Exclude Defendant's Expert, Fred Vanderbrook* (Rec. Doc. 35).

1

**II.     LAW AND ANALYSIS**

The facts of this case are easy to comprehend and the questions which the jury will be asked to resolve are simple. Both parties engaged experts to opine as to reasonable care (duty), knowledge or foreseeability, and hazard avoidance or prevention.

"The touchstone of whether a witness may testify as an expert under Rule 702 is whether the witness would be helpful *to the trier of fact,* not to the party's case."[2]  "The inquiry concerns whether the expert's testimony helps the trier of fact understand the evidence."[3] If a jury can "adeptly assess [the] situation using only their common experience and knowledge," the proffered expert testimony is irrelevant, as it will not assist the trier of fact.[4]

The question of a premises owner's legal duty to invitees is a question of law, on which the Court will instruct the jury. From factual evidence, the jury, as reasonable men and women, can use their common sense to make the "reasonable man" inquiry and decide whether the depression encountered by the Plaintiff presented an unreasonable risk of harm. Likewise, from factual testimony, the jury can decide whether Chase knew, or should have known, of the depression and whether the Plaintiff should have seen the condition and avoided it. There is simply no need for expert opinion testimony. The issues presented in this case are quintessential common sense inquiries, which is one of the reasons we call upon our citizenry to serve as jurors in civil cases.  The Court finds that a jury can assess the facts using their common sense, experience, and knowledge and,

---

[2] *Stonicher v. International Snubbing Services, LLC*, 2003 WL 22208577, at *1 (E.D.La., 2003), citing *Hardin v. Ski Venture, Inc.,* 50 F.3d 1291, 1296 (4th Cir. 1995).
[3] *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 591, 113 S.Ct. 2786-2795.
[4] *Peters v. Five Star Marine Serv.,* 898 F.2d 448, 450–51 (5th Cir.1990); *Nunez v. Dolgencorp, LLC,* 2013 WL 2458736, at *4 (W.D.La., 2013).

thus, there is no call for a full *Daubert* analysis.[5] "Whether the testimony of an expert witness will assist the jury is within the sound discretion of the trial judge."[6]

### III. CONCLUSION

Both the Plaintiffs' expert, Gary S. Nelson, and the Defendant's expert, Fred H. Vanderbrook, shall be excluded. Defendant's *Motion in Limine*[7] is GRANTED and Plaintiffs' *Motion in Limine*[8] is GRANTED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on February 3, 2017.

_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[5] *McNabb v. Graham Gulf, Inc.*, 2005 WL 1038024, at *2 (E.D.La., 2005).
[6] *Brock v. Wal-Mart Stores Inc.,* 1996 WL 60595, at *1 (5th Cir. 1996).
[7] Rec. Doc. 33
[8] Rec. Doc. 35.