# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DAVID MCMILLAN, ET AL.                                        CIVIL ACTION

VERSUS                                                        15-500-SDD-RLB

JPMORGAN CHASE
BANK NA, ET AL.

## RULING

Before the Court is the Plaintiffs' *Motion in Limine to Exclude Evidence of Third Parties.*[1] Plaintiffs move the Court to prohibit the Defendant, JP Morgan Chase Bank ("Chase"), from "referencing in any way the actions or any potential fault of any third parties (other than CBRE), including Green Concepts Lawn and Landscape Maintenance."[2]  For the reasons which follow, the Court will DENY the Motion.

## I.    FACTUAL BACKGROUND

The Plaintiff, David McMillan ("McMillan"), alleges that he sustained an injury on July 17, 2014 when he fell on a premises owned and operated by Defendant, J.P. Morgan Chase Bank ("Chase"). On July 17, 2014, Plaintiff, an employee of CBRE, was at the Chase on 2828 Monterrey Boulevard in Baton Rouge, Louisiana, to perform routine maintenance. Upon arrival, McMillan backed his work van into a parking space at the bank. The rear of McMillan's van abutted a grassy area on Chase's property. From the grassy area, Plaintiff opened the rear doors of the van to retrieve a ladder. Upon stepping

---

[1] Rec. Doc. 41.
[2] Rec. Doc. 41-1.

down from the rear of the van with the ladder he stepped into a depression in the grass and fell. Plaintiff claims the depression was camouflaged by the grass and that it presented unreasonable risk of harm of which Chase knew or should have known and failed to eliminate.

Shortly before the discovery deadline, the Parties learned the identity of a landscaping sub-contractor Green Concepts Lawn and Landscape Maintenance ("Green Concepts") whom Chase contends may have comparative fault liability. Plaintiff moves to exclude "any remark, statement, question, answer, inference, innuendo, document or testimony of any nature, as direct evidence or for impeachment, regarding the actions or potential fault of any third parties (other than CBRE, Inc.), including Green Concepts Lawn and Landscape Maintenance."[3]

## II.    LAW AND ANALYSIS

Rule 26(a)(1)(A) requires that a party provide notice of evidence central to its claims or defenses.[4] Rule 37(c) provides that upon failure to do so, a "party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[5] In evaluating the failure to disclose, the Court is called upon to evaluate the party's explanation for its failure to disclose the evidence, the importance of the evidence, the potential prejudice to the opposing party, and the availability of a continuance.[6]

---

[3] Rec. Doc. 41-1.
[4] Fed.R.Civ.P. 26(a)(1)(A)(ii) mandates that a party disclose evidence that "the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment....".
[5] Fed.R.Civ.P. 37(c)(1).
[6] *CQ, Inc. v. TXU Min. Co., L.P.,* 565 F.3d at 279–80.

Plaintiff, movant on the *Motion in Limine*, argues that *Martino v. Kiewit New Mexico Corp.*[7] requires exclusion of evidence of third party fault in this case. The Court finds the *Martino* case is distinguishable and not applicable to the facts of this case. *Martino* involved exclusion of a contract that was not produced until after discovery had closed.[8] The district court excluded the contract as a Rule 37(c) sanction "because Plaintiff wholly failed to comply with the discovery timelines in this cause and never produced the contract previous to this point" as required by Rule 26.[9]

The facts in this case are markedly different. First, Plaintiff was on notice that third party fault was an issue by virtue of Chase's *Answer*.[10] Second, the disclosure of Green Concepts as a potential third party tortfeasor was made by Chase before the expiration of the discovery deadline.[11] Hence, the issue is whether the disclosure of Green Concepts was untimely under Rule 26 and, thereby, warranting an exclusionary sanction under Rule 37. The facts suggest not. Although Plaintiff first disclosed that there was a "grounds keeper" who cut the grass at the Chase branch where the accident occurred and who "has knowledge of the subject incident".[12] The name of the groundskeeper was erroneously stated to be "Carey" and there was no mention of Green Concepts.[13] It was not until the Plaintiff's deposition on September 13, 2016 that Chase learned that the groundskeeper was "Kenneth", not "Carey" and that he worked for a landscaping

---

[7] 600 Fed.Appx. 908, 911 (C.A.5 (Tex.), 2015).

[8] In *Martino, Id* note 4, the defendant filed a filed a motion for summary judgment on the same date as the discovery deadline. Thirty days later the plaintiff opposed the summary judgment and offered the subject contract as evidence in opposition to the summary judgment motion. The contract had not previously been disclosed the contract. Furthermore, the Court noted that plaintiff's "failure to disclose the . . . Contract under Rule 26 followed a sequence of discovery violations". *Id* at 911.

[9] *Id.*

[10] Rec. Doc. 2.

[11] Rec. Doc. 24, discovery deadline was extended to November 28, 2016.

[12] Rec. Doc. 51-3.

[13] *Id.*

company that had the word "green" in its name and that the landscaping company was contracted by Plaintiff's employer, CBRE.[14]

With the information gleaned from Plaintiff's deposition, Chase identified the landscaping company as Green Concepts and supplemented its Rule 26 disclosures with the name of the company, address, and phone number by email to Plaintiffs' counsel dated November 17, 2016.[15]  Notably, the Defendant's disclosure of Green Concepts was made before the discovery deadline and shortly after the Plaintiff's deposition.

Courts in this Circuit, including this District Court, have found supplementation of Initial Disclosures made during the discovery period timely under Rule 26(e).[16]  The Court finds that Chase supplemented its Rule 26 disclosures in a timely manner. The facts reveal that Chase did not contract with Green Concepts. Rather, Green Concepts was engaged as a sub-contractor to perform landscaping by Plaintiff's employer, CBRE. Thus, the Court finds it unlikely that Chase knew the identity of Green Concepts or had it in its "possession, custody, or control"[17] so as to give rise to an obligation to disclose any earlier than it did.

On these facts, the Court finds that there was no Rule 26 failure to disclose by Chase; hence, a Rule 37(c) discovery sanction is not warranted. Even if Rule 37(c) is somehow implicated, exclusion of evidence of third party fault of Green Concepts is not warranted because Chase has provided a reasonable good faith explanation for what Plaintiff contends is late disclosure. While evidence of third party fault is potentially

---

[14] Rec. Doc. 51-4.
[15] Rec. Doc. 51-5.
[16] *Butler v. Exxon Mobile Refinery and Supply Co.*, 07-386, 2011 WL 289645 (M.D. La. 1/25/11); *Nola Fine Art, Inc. v. Ducks Unlimited, Inc.,* 13-4904, 2015 WL 459685 (E.D. La. 2/3/15).
[17] Fed.R.Civ.P. 26(a)(1)(A)(ii).

prejudicial to the Plaintiff, and may prove important in the eventual outcome, Plaintiff was on notice that third party fault was a defense being advanced and, moreover, the Plaintiff himself knew that the groundskeeper was engaged by his employer and he identified the groundskeeper as having knowledge of the incident. Finally, Louisiana law requires that comparative fault be assessed whether a person is a party to the action or a nonparty and regardless of whether that person's identity is known.[18]

The facts of this case simply do not warrant the extreme sanction of exclusion of evidence of third party fault. Plaintiffs' *Motion in Limine to Exclude Evidence of Third Parties*[19] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>February 6, 2017</u>.


**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[18] La.C.C. art. 2323(A).
[19] Rec. Doc. 41.

5